UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JEFFREY NORTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:13-cv-00427-JMS-DKL |
| ) | |
| CHARLES L. LOCKETT, ) | |
| WILLIAM E. WILSON, TRACY HEISER, ) | |
| TAMMY MCDANIAL, KARL NORRIS, ) | |
| BIXLER, SCHARFF, RUPSKA, ) | |
| PUTHOFF, and BRACE, ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Emergency Motion for Preliminary Injunction,
Screening Complaint and Directing Further Proceedings**

Plaintiff Jeffrey North, an inmate at the United States Penitentiary in Coleman, Florida, filed this civil action against ten defendants based on events which occurred while he was incarcerated at the United States Penitentiary in Terre Haute, Indiana ("USP-Terre Haute"). His claims are brought pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

**I. Preliminary Injunction**

The day after North filed his complaint he filed an emergency motion for preliminary injunction. North explains that he seeks to prevent the "destruction of evidence" in the possession of the Federal Bureau of Prisons. Specifically, he seeks an order directing the Warden of the USP-Terre Haute to preserve and prevent destruction of all audio-video recordings related to North's hunger strike at USP-Terre Haute between July 2011 and February 2012. North

explains that pursuant to BOP policy audio-video recordings of the use of force used against North may be destroyed.

The motion for preliminary injunction [dkt. 2] is **denied without prejudice.** There are three reasons for this ruling. First, the adverse party has not been notified as required by Rule 65(a)(1) of the *Federal Rules of Civil Procedure*. Second, the motion is not verified or supported by admissible evidence. Third, the audio recordings sought are not identified with sufficient specificity. Directing the Warden to preserve a copy of "all audio-video recordings related to North's hunger strike at USP-Terre Haute between July 2011 and February 2012" is too broad a request upon which to grant relief. For example, it is unclear what recordings North might believe are "related to" his hunger strike.

## II. Dismissal of Certain Claims

North alleges that between July 2011 and February 2012 he was on a hunger strike at USP-Terre Haute in protest of abuse by prison staff. In an effort to force North to end the hunger strike the defendants allegedly inflicted various forms of abuse.

The complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the *Federal Rules of Civil Procedure*, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). The purpose of this requirement is "to give the

defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993)(noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). Pro se complaints such as that filed by North, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Applying the standard set forth above certain claims and defendants must be dismissed while others will proceed as submitted consistent with the following.

Claim I alleges, that in August of 2011, Nurse Heiser (at Dr. Wilson's direction) purposely used unnecessary force and caused pain and damage when inserting a feeding tube into North's nasal passage in violation of the Eighth Amendment. This claim shall proceed.

Claim II alleges that during his hunger strike defendants Bixler, McDanial, Norris and Scharff all used unnecessary force (presumably while inserting a feeding tube) with the purpose of causing pain which damaged the plaintiff's nasal passage and throat in violation of the Eighth Amendment. This claim shall proceed.

Claim III alleged at between August 10, 2011 and September 2011, Lieutenants Puthoff and Brace would apply physical restraints for an excessive period of time with the purpose of causing pain in violation of the Eighth Amendment. This claim shall proceed.

Claims IV, V, and VI allege that between August 20, 2011, and February 28, 2012, Lt. Puthoff, Lt. Brace and Mr. Rupska subjected North to unconstitutional conditions of confinement while he was held in a medical isolation cell. These conditions included inadequate clothing, denial of facilities to bathe or brush teeth, and cold temperatures for two to three weeks. Lt. Brace would remove North's mattress and paper sheet from evening until mid-morning so that North was forced to sleep on the cold concrete floor. Mr. Rupska was responsible for the cold temperatures. These claims shall proceed.

Claim VII alleges that Warden Lockett denied North out of cell recreation time between August 20, 2011 through February 28, 2012, in violation of the Eighth Amendment. This claim shall proceed.

With the exception of Claim VII, claims against Warden Lockett are dismissed for failure to state a plausible claim for relief. In Claims I-VI, the only allegation against the Warden is that he "is also responsible." This is insufficient to state a claim. The Warden is not alleged to have personally caused or participated in any of the wrongful actions alleged in the complaint and cannot be found liable based on the doctrine of *respondeat superior*. *Del Raine v. Williford,* 32 F.3d 1024, 1047 (7th Cir. 1994)(*respondeat superior* cannot be the basis of a *Bivens* claim, there must be individual participation and involvement by the defendant); see also *Vance v. Rumsfeld*, 701 F.3d 193, 204 (7th Cir. 2012) (stating that knowledge of subordinates' misconduct is not enough for liability in a *Bivens* action). Claim IV of the Complaint is dismissed as to Mr. Rupska for the same reason.

### III. Further Proceedings

The **clerk is designated**, pursuant to *Fed. R. Civ. P.* 4(c)(2), to issue process on the defendants. Process shall consist of a summons. Because plaintiff is proceeding under the theory

recognized in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), **personal service is required.** *Robinson v. Turner,* 15 F.3d 82 (7th Cir. 1994). The Marshal for this District or his Deputy shall serve the summons, together with a copy of the **complaint**, filed on December 12, 2013, and a copy of this Entry, on the defendant and on the officials designated pursuant to *Fed. R. Civ. P.* 4(i)(2), at the expense of the United States.

  **IT IS SO ORDERED.**

Date: __12/16/2013__

_(signature)_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JEFFREY NORTH
Reg. No. 22170-038
P.O. Box 1033
Coleman, FL 33521

United States Marshal
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204