UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JEFFREY NORTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:13-cv-00427-JMS-DKL |
| | ) |
| CHARLES L. LOCKETT, WILLIAM E. WILSON, TRACY HEISER, TAMMY MCDANIAL, KARL NORRIS, BIXLER, SCHARFF, RUPSKA, PUTHOFF, and BRACE, | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Motion to Suspend Pretrial Activity, Dismissing Certain Claims, and Directing Further Proceedings**

For the reasons explained below, the defendants' motion for summary judgment [dkt. 108] is **denied without prejudice** and the alternative partial motion to dismiss [dkt. 108] is **granted.** The motion to suspend pretrial activity [dkt. 120] is **granted** to the extent that the remaining claims in this action shall be resolved after counsel has been successfully recruited to represent the plaintiff in this action.

### I. Background

Plaintiff Jeffrey North ("Mr. North") is a federal inmate who went on a hunger strike while confined at the United States Penitentiary in Terre Haute, Indiana, from July 2011 through February 2012. The circumstances that followed form the basis of the claims raised in this civil rights action. The amended complaint [dkt. 12] filed February 11, 2014, contains seven counts that are summarized below. Mr. North seeks compensatory and punitive damages.

1

**Count One:** Mr. North alleges that Dr. Wilson, Nurse Heiser, and Warden Lockett violated his constitutional rights in connection with the first involuntary feeding of August 10, 2011, in that he alleges Nurse Heiser deliberately caused extreme pain for an extended period of time. Dr. Wilson and Warden Lockett are named in their supervisory roles.

**Count Two:** Mr. North alleges that Nurses Bixler, Norris, Scharff, McDaniel, and Heiser inflicted unnecessary pain and further damage to his nasal passage in connection with the insertion of nasogastric tubes at unspecified times in violation of his Eighth and First Amendment rights. Mr. North also alleges that Dr. Wilson and Warden Lockett were responsible as supervisors.

**Count Three:** Mr. North alleges from approximately August 10, 2011, through some time in September 2011, Lt. Puthoff and Lt. Brace would place Mr. North in restraints consisting of a black box, belly chain, and leg irons during the involuntary feeding procedures, and that the restraints were either kept on too long or were painful.

**Count Four:** Mr. North alleges that starting on or about August 20, 2011 and continuing for three weeks, Lt. Puthoff placed him in a medical isolation cell where he was painfully cold.

**Count Five:** Mr. North alleges that during the time frame starting on or about August 20, 2011, and continued for three weeks, Lt. Brace would remove Mr. North's mattress and paper sheet from the early evening hours until mid-morning.

**Count Six:** Mr. North alleges that AHSA Rupska and Warden Lockett violated his constitutional rights because he was placed in a medical cell that was extremely cold for seven months.

**Count Seven:** Mr. North alleges that from August 20, 2011, to February 28, 2012, his Constitutional rights were violated by Lt. Puthoff, Lt. Brace, and Warden Lockett because he was not allowed out of his cell for recreation.

## II. Motion to Suspend All Pretrial Activity

Plaintiff Jeffrey North's motion to suspend all pretrial activity has been considered. Mr. North reports that he has been transferred to "Butner I Medical Center" for treatment of a brain injury that is a result of an assault by other inmates. When Mr. North arrived at Butner he was told that his legal materials were going in the trash and that he was "going to be thrown in the hole." Dkt. 120 at p. 3. Mr. North seeks to stay this action until "custody and legal property issue is resolved." Dkt. 120. Indefinite inactivity is not an option. Accordingly, the Court will move forward towards resolution of this action by attempting to recruit counsel to assist the plaintiff with the claims remaining in this action given his stated physical and mental disabilities. Accordingly, the motion to suspend all pretrial activity [dkt. 120] is **granted** to the extent that the remaining claims in this action shall be resolved after counsel has been successfully recruited to represent the plaintiff in this action.

## III.  Motion to Dismiss

The defendants argue that Counts One, Three, Four and Five are barred by the statute of limitations and that these counts should be dismissed pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure* because they fail to state a claim upon which relief may be granted.

As a preliminary matter, this Court notes that the Seventh Circuit has "repeatedly cautioned that the proper heading for such motions is Rule 12(c), since an affirmative defense is external to the complaint." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). However, a dismissal under Rule 12(b)(6) and judgment on the pleadings under Rule 12(c) both employ the same standard: the complaint must state a claim that is plausible on its face. *Vinson v. Vermilion Cty., Illinois*, 776 F.3d 924, 928 (7th Cir. 2015). In other words, both Rule 12(b)(6) and 12(c) authorizes dismissal of complaints that state no actionable claim. The purpose of such motions is to test the sufficiency of the complaint, not to decide the merits of the action. At this stage of the

3

inquiry, the plaintiff's well pled allegations are taken as true, and the complaint is liberally construed in favor of the plaintiff, including all reasonable inferences. *Harrell v. Cook*, 169 F.3d 428, 431 (7th Cir. 1999).

Mr. North has sued the defendants under the *Bivens* doctrine, which allows suits against federal employees for violations of constitutional rights. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The statute of limitations in a *Bivens* claim is the same as that for a claim brought pursuant to 42 U.S.C. § 1983. *See Lewellen v. Morely*, 875 F.2d 118, 119 (7th Cir. 1989); *Bieneman v. City of Chicago*, 864 F.2d 463, 469 (7th Cir. 1988). In these cases, "federal courts apply the statute of limitations governing personal injury actions in the state where the injury took place." *Serino v. Hensley*, 735 F.3d 588, 590 (7th Cir. 2013). "In Indiana, such claims must be brought within two years." *Id.* (citing Ind. Code § 34-11-2-4). "But federal law determines when that statute begins to run." *Id.* *Bivens* and § 1983 claims "accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006). The Court conducts a two-part inquiry to determine when this standard is met: "First, a court must identify the injury. Next, it must determine the date on which the plaintiff could have sued for that injury." *Id.*

The matters complained of in Mr. North's Counts One, Three, Four, and Five accrued at the latest in September of 2011. Mr. North did not file his complaint until December 12, 2013; he signed it on November, 28, 2013. Thus, even giving Mr. North the benefit of the "mailbox rule" established in *Houston v. Lack*, 487 U.S. 266 (1988), under which a prisoner's submissions to the Court are to be deemed as "filed" on the date they are delivered to prison authorities for forwarding to the district court, Claims One, Three, Four, and Five are time-barred under the statute of limitations.

"Although generally a plaintiff is not required to plead around an affirmative defense, such as a statute of limitations, the district court can dismiss a complaint as untimely if the plaintiff has admitted all the elements of the affirmative defense." *Khan v. United States,* 808 F.3d 1169 (7th Cir. 2015). That is the case here. The motion to dismiss [dkt. 108] is **granted** and Counts One, Three, Four, and Five are dismissed pursuant to Rule 12(c).[1] *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (approving of granting motions to dismiss based on the statute of limitations when "the relevant dates [that establish the defense] are set forth unambiguously in the complaint.").

### IV.  Motion for Summary Judgment

The three counts remaining for consideration are as follows:

**Count Two:** Mr. North alleges that Nurses Bixler, Norris, Scharff, McDaniel, and Heiser inflicted unnecessary pain and further damage to his nasal passage in connection with the insertion of nasogastric tubes at unspecified times in violation of his Eighth and First Amendment rights. Mr. North also alleges that Dr. Wilson and Warden Lockett were responsible as supervisors.

**Count Six:** Mr. North alleges that AHSA Rupska and Warden Lockett violated his constitutional rights because he was placed in a medical cell that was extremely cold for seven months.

**Count Seven:**  Mr. North alleges that from August 20, 2011, to February 28, 2012, his Constitutional rights were violated by Lt. Puthoff, Lt. Brace, and Warden Lockett because he was not allowed out of his cell for recreation.

As to each of these claims, the defendants seek judgment as a matter of law. Many of their arguments which are supported by evidence, might be well taken if left unchallenged. However, after further consideration of the record, including the plaintiff's motion to suspend all pretrial

---

[1] Nothing in this ruling prohibits recruited counsel from raising a motion to reconsider based on facts not previously available to the Court.

activity in particular, this Court concludes the plaintiff's prior request for assistance recruiting counsel must be granted. *See* dkt. 113. This ruling is based on the fact that the plaintiff no longer appears to be competent to litigate this case himself. *Childress v. Walker*, 787 F.3d 433, 443-44 (7th Cir. 2015) (finding plaintiff was prejudiced by the district court's failure to recruit counsel); *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. 2014) (finding court abused its discretion in not recruiting counsel); *Henderson v. Ghosh*, 755 F.3d 559, 565 (7th Cir. 2014) (finding that the district court abused its discretion in not recruiting counsel). This ruling is not an indication that this Court has made a determination as to the merit of any the plaintiff's remaining claims (no ruling in that regard has been made).

Accordingly, the motion for summary judgment [dkt. 108] is **denied without prejudice** pursuant to Rule 56(d) of the *Federal Rules of Civil Procedure*. The Court shall recruit counsel. After counsel is recruited, a status conference will be set by the magistrate judge to direct the further development of the three claims remaining in this action with input from counsel.

**IT IS SO ORDERED.**

Date: September 21, 2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

JEFFREY NORTH
22170-038
COLEMAN II U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1034
COLEMAN, FL 33521

6